Ríos *v*. The Registrar of Property.

Appeal from a decision of the Registrar of Property of Caguas.

No. 39.—Decided October 28, 1909.

Attesting Witnesses—Capacity Thereof.—The meaning of the term "without legal disqualification," employed by a notary in a will, in reference to the qualifications of the attesting witnesses constitutes the most complete negation of the presence in the witnesses of any of the disqualifications enumerated by sections 689 and 690 of the Civil Code in regard to the witnesses attesting either open or closed wills.

ID.—AGE OF WITNESSES—UNNECESSARY TO STATE IN WILLS.—Section 10 of the Notarial Law provides that in every public instrument the notary must set forth the names and residences of the witnesses, but it is silent as to the age of witnesses.

ID.—CAPACITY OF WITNESSES—CLASSIFICATION BY A REGISTRAR.—Where, in an instrument executed before a notary, the latter affirms under his responsibility that the attesting witnesses are not in any way disqualified, this is the only fact which can or should serve, with respect to the capacity of such witnesses, as a basis for a classification by registrars.

The facts are stated in the opinion.

*Mr. Arce* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of March 10 of the current year of 1909, Carmen Alamo Serrano executed an ordinary open will before Rafael Arce Rollet, a notary of Caguas, and having no ascendants nor descendants, she constituted her husband, Juan Ríos Oyola, her sole and universal heir.

Upon presentation of a copy of this document to the Registrar of Property of Caguas for record of the hereditary right of Ríos Oyola with relation to certain estates already recorded in the name of his predecessor in interest, the registrar made a memorandum of record in the following terms:

"The foregoing document is recorded after the examination of other documents and a petition, with reference to two urban estates situated on Turabo Street of this city, at folios 131, reverse side, and 160 of volumes 29 and 60 of this city, estates No. 1447 and 316, second records, respectively, with the curable defect that the attesting notary has failed to state in the will whether the witnesses thereto were of age, the absence of which circumstance would invalidate said will, in accordance with the provisions of section 695 of the Revised Civil Code, in relation with subdivision one of section 689 of the same Code, which is the law governing the form of public instruments similar to that involved in this case, according to article 22 of the Notarial Act approved March 8, 1906. Caguas, October 6, 1909. S. Abella Baston, Registrar."

Juan Ríos Oyola took an appeal from said decision to this Supreme Court, praying for its reversal in so far as therein

is set down as curable defect, the fact that the authenticating notary did not state in the will whether the attesting witnesses were of age.

The act to regulate the practice of the notarial profession in Porto Rico, approved March 8, 1906, under section 22, provides:

"The provisions herein contained as to the form of public instruments and number and qualifications of witnesses, and capacity to acquire property left or bequeathed by a testator, shall not apply to wills and other *causa mortis* dispositions, which shall be subject to the special law or laws applicable to each of those cases."

The provisions of law relating to the capacity of attesting witnesses to wills, open and closed, may be found in sections 689 and 690 of the Civil Code, which we here transcribe:

"Section 689.—The following cannot be witnesses to wills:

"1. Persons under age.

"2. Persons who are not residents or domiciled in the place of execution, with the exception of the cases excepted by law.

"3. Blind persons and those totally deaf and dumb.

"4. Persons who do not understand the language of the testator.

"5. Persons of unsound mind.

"6. Persons who have been condemned for the crimes of forgery of public or private instruments, or perjury, and those suffering the penalty of civil interdiction.

"7. The clerks, amanuenses, servants, or relatives within the fourth degree of consanguinity or second of affinity of the notary who authenticates the will.

"Section 690.—Neither can the heirs or legatees named in an open will, nor the relatives of the same within the fourth degree of consanguinity or second of affinity, be witnesses thereto.

"There are not included in this prohibition the legatees and their relatives when the legacy is of some personal property or of a sum of small importance compared with the amount of the estate."

In the will in question the notary stated that the three witnesses were residents of the city of Caguas, without any legal disqualification to be such witnesses, and all of them persons

who knew the testatrix, as they declared, and he further certified to his being acquainted with said witnesses.

The term *without any legal disqualification* involves the most complete negation of the presence in the witnesses of any of the disqualifications prescribed by law.

Section 10 of the aforesaid notarial act provides that all public instruments shall set forth the names and residences of the witnesses; but it does not provide anything with respect to their age, and if it is sought to deduce from section 689 of the Civil Code the necessity of setting forth in open and closed wills the majority of the attesting witnesses, good logic would require that it should also be stated that they are not comprised in any of the other cases of incapacity described in said section.

In support of the doctrine enunciated comes the Direction General of Registries of Spain, which holds in a decision of June 27, 1887, that when in deeds authenticated by a notary, the latter affirms under his responsibility that the attesting witnesses are not in any manner disqualified, this is the only fact which can and should serve with respect to the capacity of such witnesses as a basis for a classification by the registrar.

This decision is based on the first paragraph of article 18 of the Mortgage Law, which reads as follows:

"Registrars shall determine under their responsibility the legality of the documents by virtue of which the record is requested, and the capacity of the parties interested by what appears from said documents."

From the will in question it appears *prima facie* that the attesting witnesses were of age, inasmuch as they were not disqualified in any way, and, therefore, there was no defect to cure.

If the witnesses, notwithstanding what the will states, were legally disqualified, such disqualification must be alleged and

proved in the proper proceedings by the person interested in the matter.

.    For the foregoing reasons we understand that the decision of the Registrar of Property of Caguas should be reversed, in so far as the authenticating notary's failure to state whether the attesting witnesses were of age is accounted therein as a curable defect.

*Reversed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.